**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHRISTOPHER H. CRAWFORD**                                   **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO. 3:15-CV-231-HTW-LRA**

**UNITED STATES OF AMERICA**                                 **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On March 27, 2015, Christopher H. Crawford filed a Complaint naming the United States of America as Defendant, and requesting to expunge a conviction for "gambling" which he received "sometime in the 1990's." The Complaint does not state the court of conviction or any grounds for this Court's jurisdiction. The time period for serving process originally expired on or about July 27, 2015, 120 days after Plaintiff filed his Complaint. *See* Rule 4(m) of the Federal Rules of Civil Procedure.

The undersigned entered an Order [2] on July 29, 2015, directing Plaintiff to show cause as to why no service had been made upon Defendants within 120 days as required by Rule 4(m). Plaintiff was given until August 31, 2015, to either cause process to be issued and served or to request additional time. No response to the Order has been filed.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute his case by not having caused process to be served within 120 days after filing the Complaint.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice as to that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ...

As stated, Plaintiff filed this case on March 27, 2015, nearly six months ago, and his time period for serving process expired on or about July 27, 2015. The undersigned has

received no written or oral request for additional time to serve process, and no written response to the Order to Show Cause was filed.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m). If Plaintiff objects in a timely manner to dismissal and shows good cause as to why his case should not be dismissed, he should be granted additional time to cause process to be issued and served.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 25th day of September, 2015.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE